# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GALINA BUSNOVETSKY,

    Plaintiff,

v.

OFFICER KOOYUMJIAN, in his individual capacity, LAURA ALEXANDER, FIRST CHICAGO COMPANY under Deed in Trust dated January 19, 1995, as Trust No. 1516,

    Defendants.

No. 01 C 5127
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Galina Busnovetsky filed a six-count First Amended Complaint, three of which (false arrest, false imprisonment and excessive force) pertain to defendant Officer Gregory Kooyumjian. Ms. Busnovetsky alleges that Officer Kooyumjian violated her civil rights under 42 U.S.C. § 1983 and under the Fourth and Fourteenth Amendments when he arrested her, handcuffed her and detained her in connection with an alleged criminal trespass at a building managed by Laura Alexander. Before me is Officer Kooyumjian's motion to dismiss Counts II (false arrest) and III (false imprisonment) against him pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim.

On a motion to dismiss for failure to state a claim, I accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. I turn first to the false arrest and false imprisonment claims under the Fourth Amendment. Ms. Busnovetsky alleges that Officer Kooyumjian was unreasonable in relying on the statement of Laura Alexander when he knew or should have known that Ms. Alexander's allegations were insufficient to establish probable cause to arrest Ms. Busnovetsky for criminal trespass. The existence of probable cause to arrest presents an absolute bar to a Section 1983 claim based on the Fourth Amendment. *See Jones by Jones v. Webb*, 45 F.3d 178, 181 (7th Cir.



1995). Probable cause in a warrantless arrest, as here, must be evaluated based "on the facts as they would have appeared to a reasonable person in the position of the arresting officer." *Sheik-Abdi v. McClellen,* 37 F.3d 1240, 1246 (citations omitted).

Although Ms. Busnovetsky charges that "there were no facts or circumstances that could warrant [Officer Kooyumjian] to believe that an offense had been committed" she also alleges in her First Amended Complaint that, at the scene, Ms. Alexander signed a complaint against her for criminal trespass to land. Ms. Alexander's complaint,[1] the existence of which Ms. Busnovetsky herself discusses in her First Amended Complaint, establishes probable cause for her arrest. Of course, it is possible that Ms. Alexander was not a "reasonably credible witness or victim" and therefore Officer Kooyumjian's reliance on her statements and her complaint might be considered unreasonable. *See Jenkins v. Keating,* 147 F.3d 577, 585 (7th Cir. 1998). Unfortunately, for Ms. Busnovetsky, she does not allege this in her First Amended Complaint nor is it even a reasonable inference to draw from the facts she pleads.[2] Since her false imprisonment claim necessarily flows from her false arrest claim, Ms. Busnovetsky's false imprisonment claim must fail as well.

I now turn to an analysis of the false arrest and false imprisonment claims under the Fourteenth Amendment. To the extent that Ms. Busnovetsky has alleged a claim under the Fourteenth Amendment

---

[1] With a few exceptions, I am required to confine my analysis to the "four corners of the complaint" in reviewing a motion to dismiss. Here, I am permitted to consider Ms. Alexander's complaint because Ms. Busnovetsky referred to it in her First Amended Complaint. *See Venture Associates Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429, 431 (7th Cir. 1993) ("[d]ocuments that a defendant attached to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

[2] Ms. Busnovetsky seems to believe that Ms. Alexander's allegedly selective enforcement of the "no dogs allowed" policy of her building should somehow be relevant in evaluating whether Officer Kooyumjian had probable cause to arrest Ms. Busnovetsky. Ms. Busnovetsky's statement that she "witnessed dogs going in and out of the building with tenants and visitors many times before" has little if anything to do with Officer Kooyumjian's probable cause assessment in the face of Ms. Alexander's complaint.

2

for false arrest or false imprisonment, that claim must also fail because Ms. Busnovetsky fails to allege, in more than a conclusory fashion, a deprivation of life, liberty or property without due process of law. *See Daniels v. Williams*, 474 U.S. 327, 331-32 (1986). Moreover, the availability of adequate state tort remedies to redress alleged violation of procedural due process fulfills the requirements of due process. *See Gunther v. Holmgreen*, 738 F.2d 879 (7th Cir. 1984).

Defendant Officer Kooyumjian's motion to dismiss portions of plaintiff's First Amended Complaint for failure to state a claim is GRANTED. Counts II and III of the First Amended Complaint are dismissed.

ENTER:

James B. Zagel
United States District Judge

DATE: 21 August 2002

3